IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

```
SANDRA LEE DEMORUELLE and      )   CIVIL 15-00208 LEK-KSC
JOSEPH LOUIS DEMORUELLE,       )
                               )
          Plaintiffs,          )
                               )
     vs.                       )
                               )
UNITED STATES OF AMERICA,      )
                               )
          Defendant.           )
_____)
```

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS
PURSUANT TO FED. R. CIV. P. 12(b)(1) AND DENYING
<u>PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AS MOOT</u>**

Before the Court is pro se Plaintiffs Sandra Lee Demoruelle and Joseph Louis Demoruelle's ("Plaintiffs") Motion for Summary Judgment, filed on July 17, 2015, and Defendant the United States of America's ("the Government") Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) ("Motion to Dismiss"), filed on August 28, 2015. [Dkt. nos. 8, 16.]  Along with its Motion to Dismiss, the Government filed a Memorandum in Support of Defendant's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) and in Opposition to Plaintiffs' Motion for Summary Judgment ("8/28/15 Memorandum").  [Dkt. no. 16.]  On September 10, 2015, Plaintiffs filed a Memorandum of Law in Opposition to Defendant's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) and in Support of Plaintiffs' Motion for Summary Judgment ("9/10/15 Memorandum").  [Dkt. no. 22.]

The Court finds these matters suitable for disposition without a hearing pursuant to Rule 7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules").  After careful consideration of the motions, memoranda, and the relevant legal authority, the Government's Motion to Dismiss is HEREBY GRANTED and Plaintiffs' Motion for Summary Judgment is HEREBY DENIED AS MOOT.

## BACKGROUND

Plaintiff Joseph Demoruelle is a veteran with a 100% service-related disability rating.  On July 7, 2014, Mr. Demoruelle requested his medical records from the Department of Veterans Affairs Pacific Islands Health Care System ("VAPIHCS").  In response, Plaintiffs received some of Mr. Demoruelle's requested medical records, along with the medical records of seven other Hawai`i veterans.  Upon closer inspection, Plaintiffs found that twenty-six of their requested documents were not included in the package.  [Complaint, filed 6/2/15 (dkt. no. 1), at ¶¶ 10, 12-13.]  Plaintiffs contacted the Veterans Administration ("VA"), and sent the other veterans' medical records to Hawai`i Senator Mazie Hirono.  After being told what happened, the Government provided free credit monitoring to Plaintiffs.  [Id. at ¶¶ 17-19.]  Further, the Government informed Plaintiffs that they would ask the seven veterans whose records were mistakenly disclosed if they, too,

received other veterans' records, and, if so, would ask that they return the mistakenly disclosed records.¹  [Id. at ¶¶ 32-33.]

Pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1346 ("FTCA"), [id. at ¶ 4,] the Complaint alleges violations of Haw. Rev. Stat. § 663-1, [id. at ¶ 30,] as well as the Privacy Act of 1974, 5 U.S.C. § 552a ("Privacy Act"), and the Health Insurance Portability and Accountability Act of 1996, 42 U.S.C. § 1320d, *et seq.*, ("HIPAA"), [id. at ¶ 40,] and seeks "compensatory damages for the time and work, as well as the economic loss from the actual costs incurred from the negligence, wrongful acts or omissions of the Defendant" [id. at ¶ 36]. Plaintiffs filed an FTCA Administrative Claim on August 28, 2014, and VAPIHCS offered Plaintiffs a settlement of $35.60 in February 2015, which they rejected.  [Id. at ¶¶ 7-8.]

## DISCUSSION

Plaintiffs are proceeding pro se, and the Court "construe[s] the complaint liberally." See Wolfe v. Strankman, 392 F.3d 358, 362 (9th Cir. 2004) (citation omitted).  The Government argues that the instant matter should be dismissed for lack of subject matter jurisdiction.  [Motion to Dismiss at 2.]

---

¹ Plaintiffs explain that Mary C. Radford, a VA employee, processed their medical records request, and that, in addition to the seven veterans whose medical information was mistakenly disclosed to Plaintiffs, the VA planned to contact all veterans for whom Ms. Radford processed records requests that day to ensure that they did not receive other veterans' medical information.  [Complaint at ¶¶ 13, 15, 32-33.]

In a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1), "[w]hether subject matter jurisdiction exists . . . does not depend on resolution of a factual dispute, but rather on the allegations in [the plaintiff's] complaint." Wolfe, 392 F.3d at 362 (citations omitted).

**I.   Standing**

Article III, Section I of the United States Constitution limits federal jurisdiction to cases and controversies. Lujan v. Defs. of Wildlife, 504 U.S. 555, 559 (1992); see also DeShaw v. Bank of Am., N.A., Civ. No. 15-00118 ACK-BMK, 2015 WL 5598321, at *4 (D. Hawai`i Sept. 22, 2015). "The plaintiff has the burden of establishing standing based on the complaint." DeShaw, 2015 WL 5598321, at *4 (some citations omitted) (citing Raines v. Byrd, 521 U.S. 811, 818 (1997)). This Court has stated that Article III standing requires a plaintiff to establish "'injury in fact, causation, and a likelihood that a favorable decision will redress the plaintiff's alleged injury.'" Brewer Envtl. Indus., LLC v. Matson Terminals, Inc., Civil No. 10-00221 LEK-KSC, 2011 WL 1637323, at *5 (D. Hawai`i Apr. 28, 2011) (quoting Lopez v. Candaele, 630 F.3d 775, 785 (9th Cir. 2010)). An injury in fact must be "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc., 528 U.S. 167, 180 (2000) (citation omitted).

The issue of standing was not addressed by the parties, but this district court has stated:

> "[W]hether or not the parties raise the issue, federal courts are **required** sua sponte to examine jurisdictional issues such as standing." D'Lil v. Best W. Encina Lodge & Suites, 538 F.3d 1031, 1035 (9th Cir. 2008) (quotation marks, citation, and alterations omitted). This court therefore has "both the power and the duty" to examine the [Plaintiffs'] standing. Id.; Bernhardt v. Cnty. of Los Angeles, 279 F.3d 862, 868 (9th Cir. 2002).

Amsterdam v. Abercrombie, Civil No. 13-00649 SOM-KSC, 2013 WL 6198183, at *1 (D. Hawai`i Nov. 26, 2013) (emphasis and some alterations in Amsterdam).

It is clear to this Court that Plaintiffs have not suffered an injury due to VAPIHCS's improper disclosure of other veterans' records. Plaintiffs state that: they filed a request for Mr. Demoruelle's health records from VAPIHCS; when they received those records they also received the records of seven other Hawai`i veterans; and twenty-six of their requested documents were not included in the package. [Id. at ¶¶ 10, 12-13.] While Plaintiffs note that the Government provided them with free credit monitoring and planned to look into whether other veterans' medical records, including Mr. Demoruelle's, were improperly disclosed to third parties, [id. at ¶¶ 32, 39,] Plaintiffs do not allege that any of Mr. Demoruelle's records

were actually disclosed without his authorization.[2]

To the extent that Plaintiffs bring the instant suit to remedy the improper disclosure of other veterans' medical records, they also lack standing. "'[A] litigant must normally assert his own legal interests rather than those of third parties.'" Fleck & Assocs., Inc. v. City of Phoenix, 471 F.3d 1100, 1104 (9th Cir. 2006) (quoting Phillips Petroleum Co. v. Shutts, 472 U.S. 797, 804, 105 S. Ct. 2965, 86 L. Ed. 2d 628 (1985)). The United States Supreme Court has found that third party standing may be necessary in certain cases, namely, when there is a "close relationship with the person who possesses the right" and when "there is a hindrance to the possessor's ability to protect his own interests." Kowalski v. Tesmer, 543 U.S. 125, 130 (2004) (citations and internal quotation marks omitted). Neither exception applies here.

The Court FINDS that Plaintiffs lack standing and CONCLUDES that the Court does not have subject matter jurisdiction over the instant action. Because the Court lacks subject matter jurisdiction, this case must be DISMISSED in its entirety. See, e.g., Cetacean Cmty. v. Bush, 386 F.3d 1169, 1174 (9th Cir. 2004) ("A suit brought by a plaintiff without Article

---

[2] To the extent VAPIHCS allegedly violated the Privacy Act by failing to provide Plaintiffs with twenty-six requested documents, that issue is addressed in a separate case. See Demoruelle v. Dep't of Veterans Affairs, Civil No. 15-00246 LEK-KSC.

III standing is not a 'case or controversy,' and an Article III federal court therefore lacks subject matter jurisdiction over the suit.  In that event, the suit should be dismissed under Rule 12(b)(1)." (some citations omitted) (quoting Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 101, 118 S. Ct. 1003, 140 L. Ed. 2d 210 (1998))).  Although this ruling is a sufficient ground to grant the Government's Motion to Dismiss, for the sake of completeness, this Court will address the merits of Plaintiffs' FTCA claims.

**II. FTCA**

The instant suit is brought pursuant to the FTCA. [Complaint at ¶ 4.]  This Court has stated:

> The FTCA "authorizes private tort actions against the United States 'under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.'" United States v. Olson, 546 U.S. 43, 44 (2005) (quoting 28 U.S.C. § 1346(b)(1)).  More specifically, "[t]he FTCA waives sovereign immunity for claims against the federal government arising from torts committed by federal employees."  Foster v. United States, 522 F.3d 1071, 1074 (9th Cir. 2008).  This district court has stated that sovereign immunity is "'jurisdictional in nature,'" and, if claims do not "fall within the provided-for causes of action in the FTCA," there is no jurisdiction.  Dettling v. United States, 983 F. Supp. 2d 1184, 1198-99 (D. Hawai`i 2013) (quoting F.D.I.C. v. Meyer, 510 U.S. 471, 475, 477–78, 114 S. Ct. 996, 127 L. Ed. 2d 308 (1994)).  As such, "to bring an FTCA claim, a plaintiff must show the same elements that state law requires for the tort cause of action."  Id. (citing Wright v. United States, 719 F.2d 1032, 1034 (9th Cir. 1983), *abrogated on other grounds*

*as stated in* Gasho v. United States, 39 F.3d 1420, 1435 (9th Cir. 1994)).

[Demoruelle v. United States, CIVIL 15-00195 LEK-KSC, Order Granting Defendant's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) and Dismissing the Compliant Without Prejudice, filed 9/25/15 (dkt. no. 20), at 7-8.[3]]

### A.   **The FTCA Claims in the Complaint**

While the Complaint asserts that the Court has jurisdiction under the FTCA, it also mentions HIPAA, [Complaint at ¶¶ 25-27, 34, 37, 40,] the Privacy Act, [id. at ¶¶ 14-15, 20, 23, 39, 40,] and Haw. Rev. Stat. § 663-1, [id. at ¶ 30].

In enacting HIPAA, Congress sought, among other things, "to address concerns about the confidentiality of health information, particularly in the era of electronic communication." Logan v. Dep't of Veterans Affairs, 357 F. Supp. 2d 149, 155 (D.D.C. 2004). The statute "provides for both civil and criminal penalties to be imposed upon individuals who improperly handle or disclose individually identifiable health information." Id. (citing 42 U.S.C. §§ 1320d-5 to 1320d-6). Further, the Privacy Act provides – subject to some exceptions that are not relevant to the instant matter – that "[n]o agency shall disclose any record which is contained in a system of records by any means of communication to any person, or to

---

[3] This order is also available at 2015 WL 5680325.

another agency, except pursuant to written request by, or with the prior written consent of, the individual to whom the record pertains." 5 U.S.C. § 552a(b).  Finally, Haw. Rev. Stat. § 663-1 states, in relevant part, that "all persons residing or being in the State shall be personally responsible in damages, for trespass or injury."

To the extent that Plaintiffs bring an FTCA claim for violations of HIPAA and the Privacy Act, this claim fails as a matter of law.  HIPAA and the Privacy Act are federal statutes, and a claim for the alleged violation of either statute is not cognizable under the FTCA.[4]  "[T]he FTCA does not waive sovereign immunity for causes of action where the claimed negligence arises out of the failure of the United States to carry out federal statutory duties or otherwise follow federal law." Dettling, 983 F. Supp. 2d at 1199 (some citations omitted) (citing Meyer, 510 U.S. at 478, 114 S. Ct. 996).  Further, Plaintiffs' only state law claim, a violation of Haw. Rev. Stat. § 663-1, does not

---

[4] The Court notes that, "HIPAA itself does not provide for a private right of action." Webb v. Smart Document Sols., LLC, 499 F.3d 1078, 1082 (9th Cir. 2007) (citation omitted); see also Wheeler v. Hilo Med. Ctr., Inc., Civil No. 09-00533 JMS/KSC, 2010 WL 1711993, at *7 (D. Hawai`i Apr. 27, 2010) ("HIPAA does not give rise to a private cause of action." (citations omitted)). on August 27, 2014, Plaintiffs filed a HIPAA complaint with the United States Department of Health and Human Services, [Complaint at ¶ 26,] which other circuits have found is the exclusive remedy available for HIPAA violations. See, e.g., Acara v. Banks, 470 F.3d 569, 571 (5th Cir. 2006) ("HIPAA limits enforcement of the statute to the Secretary of Health and Human Services." (citation omitted)).

establish that the Government has a duty to Plaintiffs, and thus, does not create a cognizable claim under the FTCA.  Plaintiffs fail to plead an FTCA claim over which this Court has subject matter jurisdiction, and these claims must be dismissed.

### B.     The FTCA Claims in the 9/10/15 Memorandum

In the 9/10/15 Memorandum, Plaintiffs reject the Government's suggestion that they are attempting to bring an FTCA claim for the state law tort of invasion of privacy, see 8/28/15 Mem. at 11-14, and instead identify two other state law based sources of liability:  article I, section 6 of the Hawai`i State Constitution and Haw. Rev. Stat. § 92F-2, the Uniform Information Practices Act ("UIPA") [9/10/15 Mem. at 3].

Neither of these claims were part of the Complaint. While Plaintiffs are proceeding without counsel, it is well-established that "[p]ro se litigants must follow the same rules of procedure that govern other litigants." King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) (citation omitted), *overruled on other grounds by* Lacey v. Maricopa Cty., 693 F.3d 896 (9th Cir. 2012).  If Plaintiffs desire to add new claims, they must move for leave to amend pursuant to Fed. R. Civ. P. 15(a)(2) and Local Rule 10.3.  However, even if Plaintiffs were to amend the Complaint, the claims in Plaintiffs' 9/10/15 Memorandum would fail as a matter of law.

Article I, section 6 of the Hawai`i State Constitution states: "The right of the people to privacy is recognized and shall not be infringed without the showing of a compelling state interest."  This district court has stated:

> Hawai`i does not have a statute or other case-law equivalent to 42 U.S.C. § 1983.  <u>Alston v. Read</u>, 678 F. Supp. 2d 1061, 1074 (D. Haw. 2010) (citing <u>Mow by Mow v. Cheeseborough</u>, 696 F.Supp. 1360, 1365 (D. Haw. 1988)).  The Hawai`i courts thus far have declined to recognize a private cause of action for damages for violations of rights guaranteed under the state constitution.  <u>Galario v. Adewundmi</u>, Civ. No. 07-00159 DAE-KSC, 2009 WL 1227874 at *11 (D. Haw. 2009) (reversed on other grounds by <u>Galario v. Adewundmi</u>, 2013 WL 3157511 (9th Cir. 2013)) (citing <u>Makanui v. Dep't. of Educ.</u>, 6 Haw. App. 397, 403 (1986)).  Plaintiff does not cite to any legal authority in support of such a claim, and this court declines to infer that such a cause of action exists under the Hawai`i Constitution.  <u>See also</u> <u>Gonzalez v. Okagawa</u>, Civ. No. 12-00368 RLP, 2013 WL 2423219 at *10 (D. Haw. 2013).

<u>Ilae v. Tenn</u>, Civ. No. 12-00316 ACK-KSC, 2013 WL 4499386, at *17 (D. Hawai`i Aug. 20, 2013).  Plaintiffs cite no authority that supports their article I, section 6 claim.  Because this claim fails to allege a duty that the Government owes Plaintiffs, it is not actionable under the FTCA.

In support of their second additional claim, Plaintiffs state that the UIPA "implements the individual's right to privacy under the Constitution."  [9/10/15 Mem. at 3.]  Plaintiffs correctly point out that the statute was designed to protect Hawai`i citizens' right to privacy:  "The policy of conducting

government business as openly as possible must be tempered by a recognition of the right of the people to privacy, as embodied in section 6 and section 7 of article I of the constitution of the state of Hawaii." Haw. Rev. Stat. § 92F-2.  However, civil actions related to wrongful disclosure of personal records can only be brought against "an agency in a circuit court of the State."  Haw. Rev. Stat. § 92F-27.[5]  In <u>United States v. Olson</u>, the Supreme Court stated "[t]he [FTCA] says that it waives sovereign immunity 'under circumstances where the United States, if a **private person**,' not 'the United States, if a state or municipal entity,' would be liable."  546 U.S. at 45-46 (emphasis in <u>Olson</u>) (quoting 28 U.S.C. § 1346(b)(1)).  Thus, because the Government, if a private person, would not be liable under the UIPA, this claim is not actionable under the FTCA.

---

[5] Agency is defined as:

> any unit of government in this State, any county, or any combination of counties; department; institution; board; commission; district; council; bureau; office; governing authority; other instrumentality of state or county government; or corporation or other establishment owned, operated, or managed by or on behalf of this State or any county, but does not include the nonadministrative functions of the courts of this State.

Haw. Rev. Stat. § 92F-3.

**IV. Summary**

The improper disclosure of veterans' medical records to third parties is troubling and inexcusable. Plaintiffs' effort to call attention to this important issue and to see that it does not happen in the future is commendable. However, the Court must act within the bounds of its jurisdiction. The Court FINDS that Plaintiffs do not have standing to bring the instant case. Further, even assuming, *arguendo*, that Plaintiffs have standing, they fail to state a claim that is actionable under the FTCA. The Court FINDS that all of Plaintiffs' claims fail as a matter of law and must be DISMISSED. Because the Complaint has been dismissed in its entirety, the Court FINDS that Plaintiffs' Motion for Summary Judgment is moot and is therefore DENIED.

This dismissal is without prejudice. See Akhtar v. Mesa, 698 F.3d 1202, 1212 (9th Cir. 2012) ("A district court should not dismiss a pro se complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." (citation and internal quotation marks omitted)). It is arguably possible that Plaintiffs could amend their Complaint to state a claim against the Government over which the Court has jurisdiction. Plaintiffs must show an injury in fact, and any FTCA claim must show a state law basis for the Government's liability to Plaintiffs.

If Plaintiffs wish to amend these claims, they must file an amended complaint by **December 28, 2015.** Plaintiffs' amended complaint must include all of the claims that they wish to pursue, as well as **all** of the allegations that their claims are based upon, even if they previously presented these allegations in the original Complaint.  Plaintiffs cannot incorporate any part of the original Complaint into the amended complaint by merely referencing the Complaint.

This Court CAUTIONS Plaintiffs that:  if they fail to file their amended complaint by **December 28, 2015**, this Court will dismiss Plaintiffs' case with prejudice; or, if a claim in the amended complaint fails to cure the defects identified in this Order, this Court will dismiss that claim with prejudice.

The Court emphasizes that it has not granted Plaintiffs leave to make other changes, such as adding new parties, claims, or theories of liability.  If Plaintiffs wish to do so, they must file a motion for leave to amend pursuant to Rule 15(a)(2) and Local Rule 10.3.

## CONCLUSION

On the basis of the foregoing, the Government's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1), filed August 28, 2015, is HEREBY GRANTED, and Plaintiffs' Motion for Summary Judgment, filed July 17, 2015, is HEREBY DENIED AS MOOT.  If Plaintiffs choose to file an amended complaint, they must do so

by **December 28, 2015,** and the amended complaint must comply with the terms of this order

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, October 26, 2015.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**SANDRA LEE DEMORUELLE, ET AL. VS. UNITED STATES OF AMERICA; CIVIL 15-00208 LEK-KSC; ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(1) AND DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AS MOOT**